## John Emerson, executor of John True, *versus* Josiah Murray.

An endorsement made upon an instrument before it is executed may be parcel of the obligation. But before an endorsement can be considered as parcel of a deed, it must be shown affirmatively to have been upon the instrument when executed.

This was a writ of entry in which the demandant counted upon the seizin of his testator in fee and in mortgage of a tract of land in Hampstead.

The cause was tried here upon the general issue at February term, 1827, when the court directed a nonsuit subject to the opinion of the court upon the following case.

John Murray being seized of the demanded premises by deed dated the 28th April, 1821, conveyed the same to the testator, True, in fee.

On the back of the said deed was a writing as follows : " The condition of the within deed is such that provided the within named John Murray shall pay or cause to be paid to the within named John True, or his heirs or assigns, three hundred thirty dollars and fifty-two cents, with interest for the same within two years from the within date, then this deed, also a note of hand made by the said John Murray, for the same sum, dated the same day to be void, otherwise to be and remain in full force and virtue." This writing was not signed. It appeared to be in the hand writing of True, the testator, but it did not appear that it was upon the deed when executed. The question raised was, whether the instrument could be considered as a mortgage ?

*Sullivan* and *Mason*, for the demandant.

*Thom* and *Bell*, for the tenant.

Richardson, C. J. delivered the opinion of the court.

An endorsement made upon an instrument before it is executed may be parcel of the obligation. It was very anciently so decided. In the case of *Brooke* v. *Smith*, Moor

679, the action was debt upon an obligation the condition of which was to save certain lands harmless from all incumbrances made by the obligor, and upon the back there was a memorandum written, that the condition should not extend to an extent of a statute acknowledged by the obligor to a certain person. And because the extent was prosecuted, the obligee brought debt against the executor of the obligor, who pleaded the condition and the memorandum; and the question was, whether the memorandum was parcel of the condition added as an exception? The court held the memorandum to be parcel of the condition, because it was " an explanation in writing of the intent of the parties written before the sealing of the obligation."

The same principle has been often recognized in more modern times. 6 D. & E. 737, *Steadman* v. *Purchase*; 8 D. & E. 483, *Burgh* v. *Preston*; 1 Starkie's N. P. R. 162, *Lyburn* v. *Warrington*; 14 East, 568, *Weeks* v. *Maillardet*; 6 Mod. 237, *Cook* v. *Remington*; 4 Mass. Rep. 245, *Jones* v. *Fales*.

But we are of opinion that the endorsement in this case, which is found upon the deed, cannot be considered as parcel of the deed until it is shown affirmatively to have been upon the instrument when executed. As this was not shewn at the trial, the deed must be considered as a conveyance of the land absolutely, and the demandant cannot, as executor, maintain this action.

*Judgment on the nonsuit.*