# ROCKINGHAM.

## JULY TERM, A. D. ,1850.

---

## BELKNAP & *a. v.* WENDELL.

In general, the burden of proof is upon the party who asserts the affirmative of a proposition; and he has the right to open and close the case.

In replevin, the plaintiffs alleged that the articles replevied were their property, upon which issue was joined; also, that the articles were mortgaged to them, which was denied by the defendants, and issue was joined thereon. *Held*, that the affirmative of both issues was with the plaintiffs, and that they had the right to open and close.

A mortgage of personal property described " the following goods and chattels," and then followed a list of articles on a separate piece of paper, and attached to the deed by a wafer. *Held*, that the articles were described in the mortgage; and that, in the absence of evidence against it, the presumption was that the list was attached before the execution of the deed.

The plaintiffs were contractors to build a railroad, and shared the profit and loss of the contract. *Held*, that they were partners; and that an affidavit made by one of them on a mortgage of personal property, was sufficient.

In general, a party claiming under a deed, must show, as against existing creditors, that the deed was made upon a good consideration. But if the creditor prove the consideration himself, he cannot except that the evidence did not come from the other party.

A demand for an account of the sums due on a mortgage of personal property, was addressed to all the mortgagees, but served on one of them only. *Held*, that an account by him alone was sufficient.

An account of the sums secured by a mortgage of personal property, stated the dates and amounts of the notes specified in the mortgage, and also other sums due from the mortgagor, but not legally secured by the mortgage. *Held*, that, as the enumeration of the other sums was not calculated to mislead any one, the account was sufficient.

REPLEVIN, for two yokes of cattle, one derric, and one horse-cart, belonging to the plaintiffs.

The defendant pleaded, that the articles were the property of one John Mugridge, and were not the property of the plaintiffs. Replication, that the articles were the property of the plaintiffs; upon which issue was joined.

The defendant avowed the taking, and justified it by virtue of a writ delivered to him as a deputy-sheriff in favor of George Brackett against said Mugridge, and alleged, that on the 23d day of November, 1847, he attached the articles as the property of Mugridge, which is the taking complained of, and that the articles were the property of Mugridge.

Replication, that the defendant ought not to have avowed the taking to be just, because, at the time of the taking, the articles were duly mortgaged to the plaintiffs to secure the payment of a debt then due from Mugridge to the plaintiffs.

Rejoinder, that the articles were the property of Mugridge, *absque hoc* that they were duly mortgaged to the plaintiffs, to secure the payment of a debt then due, upon which issue was joined.

The defendant claimed the right of opening and closing the case to the jury; but the court ruled, that, as it was necessary for the plaintiffs, in the first instance, to offer some evidence of property, they had the right to open and close; to which the defendant excepted.

It was agreed, that one yoke of oxen of the value of $100 was rightfully attached by the defendant as the property of Mugridge, and that he was entitled to recover that sum. It was also agreed, that when the articles were attached they were in the possession of Mugridge. The plaintiffs then introduced a mortgage, dated on the 8th day of September, 1847, the execution and delivery of which were admitted. The mortgage described " the following goods and chattels." Then followed a list of articles on a separate piece of paper, and attached to the mortgage by a wafer. The defendant excepted, that no articles were described in the mortgage, but the exception was overruled. The mortgage was made to all the plaintiffs. The oath was subscribed by Mugridge and by the plaintiffs, as follows:— " Belknap, Hale & Jones, by A. H. Jones," and was administered to Jones

only, and to Mugridge. The defendant excepted, that the mortgage was not properly sworn to; that the oath should have been taken by all the plaintiffs; that they did not appear to be partners; and that it should appear that they were something more than joint contractors. The transactions between Mugridge and the plaintiffs arose out of a contract by the plaintiffs to build the Portsmouth & Concord Railroad, and it was admitted that they shared the profit and loss of that contract. The defendant's exception was overruled. The plaintiffs then introduced the notes described in the mortgage, the signatures of which were admitted. The defendant then contended that the production of the mortgage and notes, and proof of their execution and delivery were not sufficient, *primâ facie*, to entitle the plaintiffs to maintain their action; but that they were bound to prove the consideration of the notes and mortgage, it appearing that the defendant attached the goods upon the suit of a party who was a creditor of Mugridge before the execution thereof. The counsel for the plaintiffs alleging that this position was a surprise upon him, and that he could not proceed with the case, as he was not prepared to prove the consideration, the Court, intending to reserve the question, ruled that he was not bound to prove it. One ground of the defence was, payment of the notes; and to prove this, the defendant read in evidence an extract from a disclosure made by A. H. Jones, one of the plaintiffs who were summoned as trustees in the action of *Brackett* v. *Mugridge.* Jones stated that the consideration of the notes was, money advanced; that $700 were advanced soon after making the contract in June, 1847, to enable Mugridge to purchase his stock, and $400 were advanced in August or September, 1847; that the notes described in the mortgage had both been paid, he thought, early in October, 1847.

The defendant then proved that, on the 23d of November, 1847, the day of the attachment, he made a demand in writing, addressed to all, but served on Hale only, one of the plaintiffs, of an account of the amount due on the mortgage under oath. Belknap then lived in Vermont. Hale made to him a statement in writing, that Mugridge owed the plaintiffs upon the note dated

September 1, 1847, for $400, the sum of $400, and $6 interest; that upon the note dated September 8, 1847, there was due $700, and for interest, $9.45, and also for the sum paid for the mortgage and recording, $1, amounting to $1117.45, besides an advance of $500, before made. The above two notes were the only notes described in the mortgage. This statement was sworn to by Hale, and purported to be made " in fulfilment of the request contained in the above precept." To this statement the defendant excepted because : —

1. It is sworn to by Hale only, when it should have been sworn to by all the plaintiffs.

2. It does not purport in terms to be such an answer as the statute requires.

3. It does not state at all, or states untruly, the amount due.

4. It does not state anywhere, the amount due on the mortgage.

5. If it does refer to the mortgage, it states a larger sum than is or could be due thereon, for the two items for interest are too large by some cents; the charge of the mortgage and recording is not due on the mortgage, nor is the sum of $500, stated to be advanced before, due thereon.

The exceptions in this case were taken by the defendant, with the understanding that the questions arising thereon, would be reserved, if the defendant should have occasion to raise them, and that the merits of the case should be passed upon by the jury, the defence resting upon two grounds, payment of the notes, and fraud in the mortgage.

The jury returned a verdict for the defendant for the value of one yoke of oxen only; and the defendant thereupon moved that the verdict be set aside, for the matters stated in the case.

*Hackett*, for the plaintiffs.

*Hatch*, for the defendant.

1. The issue, substantially, as taken was, whether the articles replevied were the property of John Mugridge. The defendant alleged the affirmative, and so was entitled to begin and close. 1 Greenl. Ev. § 74.

Belknap *v.* Wendell.

This matter was much discussed in the case of *Seavey* v. *Dearborn*, determined in this Court, December Term, 1847.

2. The mortgage of Mugridge to the plaintiffs was void, because no property was described in the deed which it could convey. Where the description in a deed is uncertain, the deed is void. If a blank be signed and sealed, and the deed or material parts thereof afterwards written, it is no deed. 4 Com. Dig. 165, *Fait*, (*A.*)

It is admitted that the deed would have been good, had it referred to the schedule. But as it does not, the schedule cannot be taken to be part of the deed. *Weeks* v. *Maillardet*, 14 East, 568. At any rate, it cannot be taken to be part of the deed until it has been shown, affirmatively, that the schedule was on the deed when executed. *Emerson* v. *Murray*, 4 N. H. Rep. 171. Several written instruments may constitute one deed, but they must appear upon their face, or by competent extrinsic evidence, to belong to the same transaction. *Cornell* v. *Todd*, 2 Denio, 130. Evidence tending to show that the schedule was intended to form parts of the description in the deed, would be inadmissible, as a parol addition to a written instrument.

3. The mortgage was invalid, because not properly sworn to. Rev. Stat. ch. 132, § 7. The Rev. Stat. ch. 132, § 3, requires each mortgagor and mortgagee to make the affidavit. The Stat. of June 23, 1845, ch. 233, provides that where copartners are parties to mortgages of chattels, the affidavit may be made and subscribed by one member in behalf of the firm. Laws of 1845, p. 235.

It did not appear in the deed in this case, that the plaintiffs were partners, and parol evidence was not competent to show they were so ; and the evidence in this case did not show them to be copartners in this transaction, but only joint contractors. The statute was intended to apply to general copartnerships only. Moreover, it does not appear that Jones subscribed and *took* the oath in behalf of the firm.

4. The plaintiffs were bound, as against the defendant, a creditor, to show that the deed and notes were given *bonâ fide* and for a valuable consideration. *Kimball* v. *Ferner*, 12 N. H.

Rep. 248, is a case directly in point, and conclusive on this subject. See also *Langley* v. *Berry & Tr.* 14 N. H. Rep. 84.

5. The plaintiffs did not give such a statement of the mortgage debt as the statute requires, and therefore the defendant was entitled to hold the property discharged of the mortgage. Rev. Stat. ch. 184, §§ 15, 16.

(1.) Because sworn to by one of the mortgagees only. A fair construction of the statute entitles the attaching creditor to the oath of all the mortgagees. Otherwise, as *appears* in this case, payment may have been made to one, and the others may ignorantly deny the payment. Or, as the defendant alleges the fact to have been in this case, a fraudulent mortgage may have been concocted by one mortgagee, which another mortgagee may undertake to verify from the information he · derives from the face of the papers only. At any rate, the defendant was entitled to the oath of Jones, the same person who swore to the mortgage originally.

(2.) The statement does not profess, in words, to give an account of the amount due upon the mortgage; but says only, that Mugridge owes so much to the plaintiffs, without saying that the debts are those described in the mortgage. The statement may be wholly true, and yet nothing have been due on the mortgage debt, as Jones swears there was not.

(3.) If the statement is taken to be a compliance with the statute in form, it is obviously untrue. The mortgage describes two notes, one for $400 and one for $700, and nothing more (to verify which the defendant prays that the mortgage may be referred to); and this, Jones's statement confirms. Now, at the date of the statements given by Hale, the interest on one note amounted to the sum of $5.93$\frac{1}{3}$ instead of $6, and on the other $9.33$\frac{1}{3}$ instead of $9.45. The sum paid for the mortgage, $1.00, and the further indebtedness of $500, were neither of them included therein. There were misstatements, therefore, to the amount of $501.18$\frac{2}{3}$.

The object of the statute is to enable attaching creditors to tender to mortgagees precisely the amount due them, without the risk of litigation, or the chances of error; this statement did

Belknap *v.* Wendell.

not enable the defendant so to do. The statement, if it shows any claim under the mortgage, shows a claim of all the items; and the defendant could not rightfully be put to construe the deed, and reject so much of the statement as he might think erroneous and improper. The statute has imposed that duty on the plaintiffs, and the mortgage is void if they have not truly performed it.

GILCHRIST, C. J.   In this case, the first issue is on the replication that the articles replevied were the property of the plaintiffs.

As to the second issue, the replication to the avowry alleges, that at the time of the taking, the articles were duly mortgaged to the plaintiffs. The rejoinder denies this allegation, and issue is joined upon it. The affirmative of both issues is therefore with the plaintiffs.

The general rule is, that the point in issue is to be proved by the party who asserts the affirmative. " It is a general, if not a universal rule, that the burden of proof rests on him who has the affirmative of a proposition." *Mellen*, C. J., in *Ross* v. *Gould*, 5 Greenl. 210. And where the affirmative is upon a party, he has the right to open and close. *Brooks* v. *Barrett*, 7 Pick. 94. And this is the case, although the burden of proof may shift in the course of the trial. In a suit upon a written contract, the plaintiff produces his evidence, proves the signature of the defendant, and stops; the defendant then alleges payment, want of consideration, or other matter in defence: the burden of proof is upon him, and yet the plaintiff opens and closes the argument. And this is uniformly the case unless the defendant, by the form of pleading, admits the plaintiff's right of action, but for the cause which he sets up in his plea, no proof in such case being required on the part of the plaintiff. *Brooks* v. *Barrett*, 7 Pick. 100. The plaintiff begins and has the right of reply, in all cases where the defendant's pleadings, or any part of them, deny the whole, or any part, of the plaintiff's pleadings, so as to leave any affirmative allegation, on his side, to be established by proof. Per *Williams*, J., in *Comstock* v. *Hadlyme*, 8 Conn. R. 261. In illustration of the rule, that the party who

15 *

Belknap v. Wendell.

has the affirmative is to begin and close, is the case of *Fowler* v. *Coster*, 3 C. & P. 463. The defendant pleaded in abatement, that the promises were "made jointly with A." Replication, that they were not made jointly with A. It was held, that on the trial of this issue, the defendant should begin. In *Curtis* v. *Wheeler*, 1 M. & M. 493, which was replevin, the Attorney-General, for the defendant, said, that in replevin both parties were equally actors; that therefore the plaintiff had no privileges, and the right of beginning was with the party on whom the affirmative substantially lay. But Lord *Tenterden*, after stating the plea, said it presented " an issue, the affirmative of which is on the plaintiff, and on proof of which he would be entitled to a verdict. I can make no distinction between replevin and other forms of action; the principles applicable to all are the same. The consequence is, that the plaintiff is entitled to begin, as there is an affirmative issue upon him." *Williams* v. *Thomas*, 4 C. & P. 234; *Cooper* v. *Walkley*, 3 C. & P. 474. In *Jackson* v. *Hesketh*, 2 Starkie's Rep. 454, (Am. ed.) *Bayley*, J., said, the party who had the affirmative of the issue ought to begin, and where there were several issues, and the proof of one of them lay on the plaintiff, he was entitled to begin. In *Fish* v. *Travers*, 3 C. & P. 578, *Best*, C. J., held, that in trespass, where there are special pleas of justification, but no plea of the general issue, the defendant is entitled to begin, although the declaration alleges special damage.

In Massachusetts, the opening and close seem to be regarded as a matter of right; and a verdict was set aside because of an erroneous ruling in that particular. *Davis* v. *Mason*, 4 Pick. 136; *Sawyer* v. *Merrill*, 6 Pick. 480. But in England, the right to begin is a matter resting in the discretion of the court, where any thing of a peculiar character occurring on the trial, makes a deviation from the usual practice the more convenient course. *Goodtitle* v. *Braham*, 4 Term Rep. 497. In the case of *Branford* v. *Freeman*, 1 Eng. L. & Eq. Rep. 444, it was held, in the Court of Exchequer, that a new trial should not be granted, because a judge has wrongly ruled at *nisi prius*, as to which party must begin, unless such ruling did clear and mani-

fest injustice. *Geach* v. *Ingall*, 14 Mees. & W. 97 ; *Booth* v. *Milns*, 15 Mees. & W. 669. But the ruling of the court in the present case accords with the general practice and the authorities ; and the question, whether the court have any discretion in the matter, does not arise. It was necessary for the plaintiffs to offer evidence of property in the first instance, and we think the ruling was correct.

The next point made by the defendant, relates to the paper attached to the mortgage. The case finds that the mortgage described " the following goods and chattels," and then followed a list of articles on a separate piece of paper, and attached to the mortgage by a wafer. The defendant contends that no articles are described in the mortgage. He admits that the deed would have been good had it referred to the schedule, but contends that, as it does not, the schedule cannot be taken to be a part of the deed, and that the plaintiffs were bound to show affirmatively that the schedule was annexed to the deed when it was executed.

In the case of *Weeks* v. *Maillardet*, 14 East, 568, cited by the defendant, Maillardet bound himself under seal to deliver to the plaintiff, " the whole of his mechanical pieces as per schedule annexed." The plaintiff, in his declaration, alleged that at the time of the execution of the articles there was *then and there annexed* a schedule, &c. It was held, that the schedule formed part of the deed, which, without it, would be insensible ; and that the defendant might show, in his defence, that the schedule was not annexed at the time of the execution of the deed. The question was, whether the objection could be taken on the plea of *non est factum ;* and it was held that it was part of the issue, the proof of which lay on the plaintiff, to show that the defendant executed a scheduled instrument. This case, therefore, does not support the position that the schedule should have been referred to, in order to be considered a part of the deed.

To show, that the plaintiff was bound to prove affirmatively that the list of articles was annexed to the deed at the time of its execution, the defendant cites *Emerson* v. *Murray*, 4 N. H. Rep. 171. That case decides, that, before a writing on the back of a deed can be considered part of the deed, it must be shown

affirmatively to have been on the instrument when executed. This decision does not apply to the state of facts in the case before us.

This schedule is not an alteration of the deed, but it completes it, and makes it perfect. It is something, without which the deed would be insensible, like the case of *Weeks* v. *Maillardet*. It is not an erasure, nor an interlineation; nor is there any thing in it which raises a suspicion of fraud. There is nothing requiring us to make a presumption against it; but, in the absence of evidence, the presumptions are all in its favor. It might have been annexed to the deed after its execution; but there is no reason for supposing it. We think the exception must be overruled.

The Act of June, 1845, provides, that where partners are parties to a mortgage, the affidavit of one of them shall be sufficient. The plaintiffs had contracted to build the Portsmouth and Concord Railroad, and it was admitted that they shared the profit and loss of that contract. They were as much partners as if they had agreed to share the profit and loss of buying and selling goods of a particular description, and the affidavit was properly made by one of them.

There is no doubt that the general rule is, that a party claiming under a deed, must show, as against existing creditors, that the deed was made upon a good consideration. But the creditor may admit the consideration to have been sufficient, or he may introduce evidence himself to prove it; and after that, he cannot be permitted to say, by way of exception, that the plaintiff was bound to prove the consideration. In this case, he offered the statement of one of the plaintiffs in a disclosure, that the consideration of the deed was money advanced; and therefore this exception cannot be sustained.

The case finds, that the demand for an account was addressed to all the plaintiffs, but was served only upon Hale. With what reason, then, could the defendant expect the account should be sworn to by the rest of the mortgagees, when it does not appear that they were notified of the demand? The statement of the debt secured by the mortgage, is sufficiently intelligible. The

dates and amounts of the notes are given, so that the sum due on them could be ascertained. If the account be erroneous, it contains, in itself, enough to show in what particulars errors have been committed. If the interest is not correctly cast; if the charges for the mortgage and for recording, and the sum of $500, stated as before advanced, are not due upon the mortgage, the enumeration of them does not mislead any one. It was not the intention of the statute, that such an account should be *omni exceptione major*, but only that a reasonable degree of accuracy should be required; and such, in our opinion, has been attained in this case.

*Judgment on the verdict.*